**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-16334 |
| Plaintiff - Appellee, | D.C. No. 1:15-cv-00072-DKW-BMK |
| v. | 1:13-cr-01065-DKW-12 |
| SUN HWANG, AKA Sunny, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted June 14, 2016
Honolulu, Hawaii

Before: THOMAS, Chief Judge and CALLAHAN and MURGUIA, Circuit Judges.

Sun Hwang appeals the district court's denial of her motion for relief under

28 U.S.C. § 2255. We reverse.

We review a district court's denial of relief under 28 U.S.C. § 2255 *de novo*.

*United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Hwang pled guilty to aiding and abetting an illegal gambling enterprise in violation of 18 U.S.C. § 1955. Before Hwang pled guilty, her lawyer contacted two immigration attorneys to determine the immigration consequences of a guilty plea. One attorney told Hwang's lawyer that a guilty plea under § 1955 would invariably result in removal, with no option for discretionary relief. The other attorney believed that Hwang would be eligible for discretionary relief. Hwang's lawyer conveyed both viewpoints to Hwang, but he did not say which viewpoint he believed to be correct. Rather, in his words, he "never gave Ms. Hwang any immigration advice in regard to her case." Hwang pled guilty without a plea agreement and was later sentenced to three years of probation.

After sentencing, the Department of Homeland Security initiated removal proceedings. An immigration judge determined that Hwang had been convicted of an aggravated felony, requiring removal and rendering Hwang ineligible for discretionary relief. Hwang brought a motion under 28 U.S.C. § 2255 to set aside her guilty plea, alleging ineffective assistance of counsel under *Padilla v. Kentucky*, 559 U.S. 356 (2010). She alleges that she would not have pled guilty if her lawyer had correctly advised her of the immigration consequences of doing so.

I

"Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" *Padilla*, 559 U.S. at 364 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To succeed on an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). In addition, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

When a criminal defendant is not a citizen, attorneys have a duty to inform their clients of the immigration consequences of a guilty plea. *Padilla*, 559 U.S. at 368. To comply with the Sixth Amendment, attorneys must "advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences" when the immigration "consequences of a particular plea are unclear or uncertain." *Id.* at 369. "But when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear." *Id.*

Here, the immigration consequences of the guilty plea were clear. A conviction under to 8 U.S.C. § 1955 is defined as an "aggravated felony" pursuant to 8 U.S.C. § 1101(a)(43)(J). An alien convicted of an aggravated felony is

3

"conclusively presumed" to be removable under immigration law. 8 U.S.C. § 1228(c). A noncitizen convicted of an aggravated felony is not eligible for cancellation of removal. 8 U.S.C. § 1229b(a)(3). Thus, under *Padilla*, Hwang's attorney was obligated to provide her with correct advice regarding the immigration consequences of her plea. 559 U.S. at 368-69.

Because Hwang was not informed of the immigration consequences of her plea when those consequences were clear, Hwang did not receive constitutionally effective assistance of counsel under the requirements set forth in *Padilla*. As in *Padilla*, "the terms of the relevant immigration statute[s] are succinct, clear, and explicit in defining the removal consequence for [Hwang]'s conviction." 559 U.S. at 368. "The consequences of [Hwang's] plea could easily be determined from reading the removal statute, [her] deportation was presumptively mandatory, and [her] counsel's advice was" not correct. *Id.* at 369. Therefore, Hwang has demonstrated that her counsel's performance was objectively unreasonable. *See Strickland*, 466 U.S. at 687-88.

We reject the claim that Hwang's attorney provided effective assistance by furnishing Hwang with conflicting advice, some which was correct. When the immigration consequences of a plea are truly clear, an attorney does not satisfy

4

*Padilla* by providing the client with a series of conflicting propositions–some true, others not. Conflicting advice is not correct advice.

## II

Hwang has also established that she was prejudiced by her attorney's incorrect advice. Hwang explains that, had she been made aware of the deportation consequences of a guilty plea, she would not have pled guilty. Hwang explains that she placed a significant emphasis on the immigration consequences of a conviction: she asked her attorney repeatedly about the immigration consequences of her case, and she sought further clarity on the effect of a guilty plea by seeking the advice of immigration specialists. Hwang says that if her attorney had provided correct advice, she would not have pled guilty. Under our precedent in *United States v. Kwan*, this is sufficient to establish prejudice under the second prong of *Strickland*. 407 F.3d 1005, 1017-18 (9th Cir. 2005) (determining there was *Strickland* prejudice where a noncitizen defendant demonstrated that he placed a "particular emphasis" on the immigration consequences of a plea), *abrogated on other grounds by Padilla*, 559 U.S. 356; *see United States v. Chan*, 792 F.3d 1151, 1154 (9th Cir. 2015) (concluding that *Kwan* survives *Padilla* in relevant part).

5

For the foregoing reasons, we conclude that Hwang has established her claim of ineffective assistance of counsel under *Strickland*. Accordingly, we vacate the conviction and remand to the district court.

**REVERSED AND REMANDED.**

*United States v. Sun Hwang,* No. 15-16334

CALLAHAN, Circuit Judge, dissenting:

I respectfully dissent.  I do not read *Padilla v. Kentucky*, 559 U.S. 356 (2010), as altering the two-prong standard for measuring ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).   First, the defendant must show that counsel's performance was deficient . . . and [s]econd, the defendant must show that the deficient performance prejudiced the defense." *Id*. at 686.

Hwang's attorney, not being well-versed in immigration law, sought and obtained the advice of not one, but two immigration lawyers, and passed their advice on to Hwang.  It is not clear what more counsel should have done.

The Supreme Court instructs that "[j]udical scrutiny of counsel's performance must be highly deferential," we must make "every effort be made to eliminate the distorting effects of hindsight," and "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 689–90.  Properly viewed, Hwang has not shown that her attorney's performance was deficient.

Certainly, the Supreme Court in *Padilla* stated that "when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear."  559 U.S. at 369.  But I do not read this as creating the equivalent of

strict liability whenever, in hindsight, the deportation consequences are "clear."

Rather, we must continue to apply the approach set forth in *Strickland*. We must

first determine whether counsel's performance was deficient. The clarity of the

immigration consequences is obviously a factor in that determination, but it is

neither inherently compelling nor a substitute for the determination of deficiency.

Here, Hwang's counsel did not leave her without information. He made sure she

understood that one immigration attorney thought that there were adverse

immigration consequences from pleading guilty, but that another thought she might

be eligible for discretionary relief.

Hwang's counsel should be complimented for his efforts to provide her with

information from alleged experts in immigration law. The subsequent

determinations that one immigration attorney's advice was wrong and that the

adverse immigration consequences now seem "clear" do not, in my opinion, render

the criminal defense attorney's performance deficient. I would affirm the district

court.